**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

YOUCY ANDRY ESCOBAR CALDERON,
(A-No. 222-583-432)

           Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, et al.,

           Respondents.

Case No. 1:26-cv-04652-JLT-EGC

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 3)

## I.   INTRODUCTION

Before the Court for decision is Youcy Andry Escobar Calderon's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), (Doc. 8), a legal position that this Court has repeatedly rejected. Thus, the Court **GRANTS** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 6.) Respondents do not request a hearing or further briefing and instead ask the Court to "deny the petition for writ of habeas corpus." (Doc. 8 at 2.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    BACKGROUND

Petitioner is a citizen of Guatemala who first entered the United States in July 2015 and was not encountered by federal immigration officials. (Doc. 1 at 2; Doc. 3 at 2–3.) Thereafter, Petitioner resided in the United States for nearly eleven years before being taken into ICE custody. (Doc. 1 at 2.) Following his arrest by local police during a routine traffic stop on June 3, 2026, Petitioner was transferred to ICE custody. (*Id*.) Petitioner is currently being held at the Central Valley Annex Detention Facility in McFarland, California. (*Id*.)

On June 17, 2026, Petitioner filed a petition for a writ of habeas corpus, arguing that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 7–12.) Respondents filed an opposition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 8.)

## IV.    DISCUSSION

This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at

*1 (E.D. Cal. Mar. 6, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026) because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination. Thus, for the reasons set forth, the Court **ORDERS:**

1.      The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2.      The motion for temporary restraining order (Doc. 3) is **DENIED** as **MOOT**.

3.      **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

4.      Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in

3

accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

5.  At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6.  Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

7.  The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

8.  The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 25, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.